DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Juvenile Division, that awarded appellant child support for the parties' two minor children. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Misty R. sets forth the following assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The trial court erred in the amount of child support awarded because:
 {¶ 5} "A) The judge should have considered (1) the investment income and interest income received by appellee in addition to earned income, and (2) that appellee had been offered a job opportunity that would have paid $75,000.00 annually, and
 {¶ 6} "B) A deviation granted based upon the fact that appellee has equal parenting time with the minor children and responsibility for providing health insurance and medical expenses does not meet the criteria of being unjust and inappropriate, particularly given that appellee receives full credit for providing health insurance in the child support computation.
 {¶ 7} "Second Assignment of Error
 {¶ 8} "The trial court erred in not awarding child support effective the date of appellant's motion based on the fact that the original custody related motions remain pending and that the parties had returned to the original shared parenting plan."
 {¶ 9} The undisputed facts that are relevant to the issues raised on appeal are as follows. In December 1999, the parties entered into a shared parenting plan regarding their one year old twin daughters. As part of the agreement, the parties shared time with the children on an equal basis and neither party was required to pay child support. On August 24, 2001, appellant filed an emergency motion alleging that appellee had committed sexual misconduct against one of their daughters and asking the trial court to terminate the shared parenting plan, to terminate appellee's visitation and companionship, and for child support. On August 28, 2001, the trial court temporarily terminated appellee's visitation with the minor children and set the matter for hearing. Following the hearing, the parties reached an agreement to permit appellee to resume visitation in a supervised setting. On November 29, 2001, appellant filed a motion to show cause, for lump sum judgment and for child support. In her motion, appellant alleged that appellee had failed to pay certain extraordinary health care expenses and failed to provide her with health insurance information for the children. On December 13, 2001, appellee filed a motion asking the court to designate him as the residential parent and legal custodian of the children and to order child support. This motion was still pending before the court at the May 7, 2002 evidentiary hearing. Prior to the hearing, the parties reached an interim agreement relative to custody of the children. Evidence as to child support was presented at the hearing and on May 17, 2002, the trial court filed the judgment from which appellant brings this appeal.
 {¶ 10} In support of her first assignment of error, appellant sets forth two arguments as to the trial court's order of child support. First, appellant asserts that the trial court failed to consider, pursuant to R.C. 3119.01, appellee's investment income, interest income, and an offer for a job that would have paid $75,000 annually. Appellant also cites appellee's testimony that he has income of approximately $15,000 annually from "holdings."
 {¶ 11} In reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion exists only where the court's action is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984),5 Ohio St.3d 217, 219.
 {¶ 12} R.C. 3119.01(C)(5) defines "income" as either of the following:
 {¶ 13} "(a) For a parent who is employed to full capacity, the gross income of the parent;
 {¶ 14} "(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
 {¶ 15} Of further relevance to this case, pursuant to R.C. 3119.01(C)(7), "gross income" does include dividends and interest, but does not include nonrecurring or nonsustainable income.
 {¶ 16} Appellee testified at the May 7, 2002 hearing that his gross income for the year 2001 was approximately $420,000 which was earned through his stock trading business. His tax return for 2000 indicated a gross income of $698,630. In 1999, he earned $31,923 through a manufacturing company he owned but subsequently sold. Appellant testified further that thus far in 2002, he was still trading stocks but only for himself. He stated that he expected to lose money in 2002, and estimated that he had already lost approximately $17,000 that year. Appellant also testified that he expected to receive approximately $15,000 in 2002, from investment income. He further testified that prior to his two exceptional years, his highest annual income had been approximately $50,000 and stated that he saw no way he could have another year with an income equal to that of 2000 or 2001.
 {¶ 17} The trial court noted that appellee's income has fluctuated "wildly" and found that his full-year 2000 and half-year 2001 income figures were not "a consistent income level." The trial court further found that appellee had indicated he expected to earn between $200 and $300 per day trading stock, and assigned to appellee a yearly income of $65,000 per year, based on a figure of $250 per day and allowing for some fluctuation.
 {¶ 18} A careful review of the record indicates no evidence as to specific amounts of income appellee received from interest, dividends, trusts and annuities. Nevertheless, appellant claims the trial court should have considered those factors. Appellant also cites appellee's testimony that he was offered a job that would have paid $75,000 per year. Appellee testified, however, that the income from that position would have been on a commission basis. Appellant argues that the $75,000 should have been considered "potential income" pursuant to R.C. 3119.01
and that the trial court should have imputed an annual wage of at least $90,000 to appellee. We find that the $75,000 income possibility was purely speculative. Further, pursuant to R.C. 3119.09(C)(11), prior to making a finding as to "potential income," the trial court must determine that the parent is voluntarily unemployed or voluntarily underemployed. Appellant did not assert at trial that appellee was voluntarily under — or unemployed and the trial court in this case did not make such a finding. Based upon the foregoing, we find appellant's first argument to be without merit.
 {¶ 19} Appellant next argues that the trial court erred in granting a deviation from the basic child support schedule based on the fact that appellee has equal parenting time with the children, provides health insurance coverage, and covers other medical expenses. Appellant asserts that those factors do not support a
 {¶ 20} finding that the basic child support amount would be unjust and inappropriate.
 {¶ 21} R.C. 3119.22 permits a trial court to order an amount of child support that deviates from the figure that results from the use of the basic child support schedule and the applicable worksheet if, after considering the factors set forth in R.C. 3119.23, the court determines that the basic amount would be unjust or inappropriate and would not be in the child's best interest. The trial court also must enter in the journal findings of fact supporting its determination.
 {¶ 22} R.C. 3119.23 lists 16 factors the trial court may consider when determining whether to grant a deviation pursuant to R.C. 3119.22, ranging from special and unusual needs of the children to "any relevant factor." R.C. 3119.24 further addresses this matter and authorizes a deviation on the basis of extraordinary circumstances or any of the other factors or criteria set forth in R.C. 3119.23, and requires the trial court to enter into the journal findings of fact supporting its determination. R.C. 3119.24(B) states as follows:
 {¶ 23} "(B) For the purposes of this section, `extraordinary circumstances of the parents' includes all of the following:
 {¶ 24} "(1) The amount of time the children spend with each parent;
 {¶ 25} "(2) The ability of each parent to maintain adequate housing for the children;
 {¶ 26} "(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;
 {¶ 27} "(4) Any other circumstances the court considers relevant."
 {¶ 28} The Supreme Court of Ohio has held that a parent is not entitled to an automatic deviation under a shared parenting order and that a deviation may be granted only after consideration of any extraordinary circumstances and other factors listed in R.C. 3119.23, and then only if the deviation is in the best interest of the child. Paulyv. Pauly (1997), 80 Ohio St.3d 386.
 {¶ 29} This court has thoroughly reviewed the record of proceedings in the trial court, including appellee's testimony and the trial court's May 17, 2002 decision. In support of a deviation, the trial court noted the reinstated equal time sharing and appellee's ongoing responsibility for medical insurance, for which the monthly premium for the children is $450, and other medical expenses. The trial court found that to utilize the full child support figure of approximately $800 would be unjust and inappropriate, and determined that a reduction to $300 per month was appropriate. Based on the record of proceedings in this case and the law as set forth above, we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable and therefore an abuse of discretion. This argument is without merit.
 {¶ 30} Accordingly, based upon our findings as set forth above, appellant's first assignment of error is not well-taken.
 {¶ 31} In her second assignment of error, appellant asserts that the trial court erred by not awarding child support retroactive to the date of appellant's motion filed August 24, 2001. Appellant asserts that the order should have been retroactive because she had sole temporary custody of the children from that date through May 7, 2002, during which time appellee had little or no parenting time pursuant to court order.
 {¶ 32} The trial court considered appellant's argument as to retroactive child support and found that, because the parties' custody-related motions were still pending and the shared parenting plan was reinstated, it would not be appropriate to award appellant full child support from the date of her motion in August 2001 through the date of the hearing in May 2002. We note that the trial court had before it appellee's testimony that during that period of time he continued to carry the children on his health insurance, which required paying the $450 monthly premium. Appellee also testified that since August 2001, he purchased coats, shoes and other clothing for the children, which added up to approximately $1,000, and paid all court costs.
 {¶ 33} As stated above, a trial court has considerable discretion in matters relating to child support; absent an abuse of discretion, therefore, a child support award will not be disturbed on appeal. SeeBooth, supra; Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371;Blakemore, supra. Thus, for appellant to prevail, she must demonstrate that the trial court abused its discretion in denying her an award of retroactive child support. Appellant did not, however, support her claim with any evidence or authority sufficient to convince this court that the trial court's decision was unreasonable, arbitrary or unconscionable. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 34} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Handwork, P.J. and Pietrykowski, J., concur.